[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike certain counts of the plaintiffs' amended complaints, which contains, in combination, nine counts in all.
The defendant Ensign-Bickford Haz-Pros, Inc. moves to strike counts two, three, six, four, eight and nine. Count one is a common law negligence count, to which the motion to strike is not directed. Count five is a common law negligence count, compelled by the defendant's motion to implead for apportion purposes, and is not questioned by the defendant as the compulsory impleading was prima facia for the potential benefit of the defendant. CT Page 3023
The complaint arises out of the alleged failure of the defendant to properly perform a contact for lead paint abatement, thereby allegedly causing personal injury to the minor Samantha Mitchell.
Second count of the complaint: This count is captioned (Negligence Per Se). It claims that the defendant's failure to register with the Connecticut State Department of Consumer Protection, as required by General Statutes §§ 20-418 to 20-434, the Home Improvement Act gives rise to a cause of action as violation of said statute is negligence per se. As with driver's licenses, the mere fact of not having a license "could not be deemed to be the proximate cause of the injury and was not therefore actionable negligence, either as a ground of recovery or of defense." Kartz v. Morse Oil Co., 114 Conn. 336,342 (1932). See also Habetz v. Condon, 224 Conn. 231, 239
(1992). The motion to strike the second count of the complaint is granted.
The third count of the complaint, Negligent Misrepresentation, and the sixth count of the complaint, Innocent Misrepresentation:
The plaintiff must allege and prove not only actual reliance but also that reliance on the misstatement was justified or reasonable.
 "Although we conclude that no special relationship is required to state a claim of negligent misrepresentation, the plaintiff must allege and prove that the reliance on the misstatement was justified or reasonable." Williams Food, Inc. v. Hartford Courant Co., 232 Conn. 559, 580 (1995) (emphasis added).
A further ground asserted by the defendant to strike the sixth count, "Innocent Misrepresentation" is that the count alleges nothing further than "Negligent Misrepresentation". "Innocent Misrepresentation" may exit where the same representation may not be negligent. The case of Matgas v. Minek,37 Conn. App. 321, 333 (1995) sets forth the basis for the cause of action. Negligent Misrepresentation and Innocent Misrepresentation may be viewed as separate and distinct cause of action, which may be pleaded in the alternative and set forth in separate counts. Practice Book § 138. CT Page 3024
Each of the claims for misrepresentation must allege that the reliance on the misstatement was justified or reasonable.Williams Food, Inc., supra. Consequently, the motion to strike as to the third count and the sixth count are granted. For appropriate remedy see P.B. § 157.
As to the fourth, eighth and ninth counts, these counts, taken together with the incorporated counts, may be interpreted as alleging the undertaking of the serious business of lead paint removal under circumstances which may be interpreted as ineptitude in the ability to perform that undertaking. Such conduct, if proven, rises beyond the concept of a singular inadvertent nonfeasance in the performance of the contract. The court cannot determine, on the face of the facts alleged, that the evidence to be adduced will eliminate the counts from consideration as a matter of law. Such determination must be left to the trial court.
The fact that damages are difficult to predict in personal injury claims does not cause the damages to be so vague as to be outside the realm of determination. The term "ascertainable loss" is not the equivalent of an "ascertained" loss. Hence the difficulty of determining damages does not cause damages to be classified as not "ascertainable".
The motion to strike the fourth, eighth and ninth counts of the complaint are denied.
L. PAUL SULLIVAN, J.